**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID BRYANT WICKS, #HR2611,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:09-CV-0580-B |
| § | | |
| **PARKLAND HOSPITAL, et al.,** § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a Pennsylvania state inmate pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1332.

Parties: Plaintiff is presently incarcerated at the State Correctional Institution in Graterford, Pennsylvania. The events at issue in this case did not occur while Plaintiff was incarcerated or detained in a jail or other correctional facility.

Defendants are Parkland Hospital (which is part of the Dallas County Hospital District) and the Veterans Administration (VA). The court did not issue process in this case pending preliminary screening. On April 27, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on May 14, 2009.

Statement of Case: On March 23, 2007, Plaintiff was involved in a car accident in Dallas, Texas, and was transported by ambulance to Parkland Hospital, where he underwent

surgery for a right femur fracture. (Complaint at ¶ IV). Following his surgery, Plaintiff allegedly lay in bed in serious pain without pain medication awaiting to be seen by a doctor. (*Id.* and Answer to Questions 2-3). On March 25, 2007, having received no further treatment, Plaintiff claims he was forced to check out from Parkland Hospital and travel by bus to the VA Hospital in Shreveport, Louisiana. (Complaint at ¶ IV). During the bus ride, Plaintiff allegedly passed out on his wheel chair and began bleeding. (Answer to Question 7). From March 31 until April 19, 2007, Plaintiff remained under the care of the Shreveport VA Hospital. (Answer to Question 9). While there, he was denied "prompt treatment," which he claims "amounted to me being in pain." (Complaint at ¶ IV). Plaintiff requests five million dollars from Parkland Hospital and the VA for lack of medical attention. (Complaint at ¶ V).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff sues Parkland Hospital under 42 U.S.C. § 1983 for violating his constitutional

2

right to adequate medical treatment. (Answer to Question 3). Following his femur surgery, the doctors at Parkland Hospital allegedly failed to treat him, refused necessary pain medications, and declined badly needed follow-up surgeries for his pelvis, upper femur, and spinal cord (L-5 and L-6). (Answer to Questions 3-6).

At the time of the alleged denial of medical treatment, Plaintiff was not an inmate. (*See* Answer to Question 3). As such he had no constitutional right to medical care. Such a right has been found only where there exists a special custodial or other relationship between the person and the state. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285 (1976); *see also City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979 (1983). Plaintiff's pleadings, even when liberally construed, fail to identify any special custodial or other relationship giving rise to a right to medical care. *See Kinzie v. Dallas County Hosp. Dist.*, 106 Fed.Appx. 192, 195 (5th Cir. 2003) (unpublished per curiam) (surgery patient, who failed to identify any special custodial or other relationship giving rise to right to medical care, failed to state a claim against county-owned hospital under § 1983).

Moreover, Plaintiff's allegations of denial of medical care amount to negligence at the most. Relief is unavailable under § 1983 for claims grounded only in negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986) (due process clause not implicated by state official's negligent act); *see also Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128, 112 S.Ct. 1061 (1992). Accordingly, Plaintiff's § 1983 claims lack an arguable basis in law and should be dismissed.

Insofar as Plaintiff relies on diversity of citizenship, his claims against Parkland Hospital fare no better. Under Texas state tort law, Parkland Hospital (a governmental entity) is immune

3

from suit unless Plaintiff establishes that his claims fall within the Texas Tort Claims Act (TTCA) waiver of immunity. *McCall v. Dallas County Hospital District*, 997 S.W.2d 287, 288 (Tex. App. – Eastland, 1999). The TTCA, however, provides only a very limited waiver of immunity. The three specific areas of liability for which sovereign immunity has been waived are: (1) property damage, personal injury, and death caused by the operation or use of a motor-driven vehicle, Tex. Civ. Prac. & Rem. Code § 101.021(1); (2) personal injury and death caused by a condition or use of tangible personal or real property, *see id.* § 101.021(2); and (3) injuries arising from premise defects, *see id.* § 101.021(1) and 101.022.

Plaintiff's complaint, supplemented by the answers to the magistrate judge's questionnaire, fails to plead a claim that falls within the limited waiver of immunity under the TTCA. Plaintiff merely alleges that by virtue of his precarious medical condition he posed a danger to himself and others. (*See* Answer to Question 8). Likewise, to the extent Plaintiff seeks to rely on the Medical Liability Act (MLA), Tex. Civ. Prac. & Rem. code Ann § 74.001, he has failed to allege a breach of a standard of care applicable to health care providers, and to satisfy the procedural pre-requisites of that statute. *See* Tex. Civ. Prac. & Rem Code Ann. § 74.351(a). In addition to Parkland Hospital, Plaintiff seeks to sue the VA for inadequate medical care while at the Shreveport VA hospital. Because Plaintiff was not incarcerated at the time of his hospitalization, and because his allegations amount only to negligence, the court liberally construes the complaint to raise a claim under the Federal Tort Claims Act (FTCA). Under the FTCA, the proper defendant is the United States of America, not the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); 28 U.S.C. § 2674. Therefore, any claim against the VA is subject to dismissal *sua*

4

*sponte* for want of jurisdiction. *Id.* (holding district court lacked jurisdiction over FTCA claim against OSHA); *see also System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Even assuming Plaintiff had named the United States as a defendant, exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA. Namely, the FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U .S. 106, 112, 113 S. Ct. 1980, 1984 (1993), the Supreme Court held that failure to completely exhaust administrative remedies *prior* to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *id.* (citing *McNeil,* 508 U.S. at 106, 113 S.Ct. at 1983), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress, *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001).

In answer to Questions 10 and 11, Plaintiff states that he "filed a claim," which was rejected by staff. Plaintiff does not remember the date on which the claim was filed nor the date

5

on which it was rejected.  He is also unable to provide a copy of his claim or the response.

Since compliance with administrative remedies is jurisdictional and Plaintiff's pleadings and answers to the questionnaire are insufficient to demonstrate that Plaintiff has complied, any claim for damages under the FTCA should be dismissed for want of jurisdiction unless within twenty days Plaintiff files an amended complaint naming the United States of America and specifically identifying the date and the contents of his administrative claim, the amount sought, and the date on which his administrative claim was denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Parkland Hospital be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), and that Plaintiff's claims against the Veterans Administration be DISMISSED for want of jurisdiction unless within twenty days Plaintiff files an amended complaint naming the United States of America and specifically identifying the date and the contents of his administrative claim, the amount sought, and the date on which his administrative claim was denied.

Signed this 21st day of September, 2009.

*WM. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

6

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.