**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID BRYANT WICKS, #HR2611,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:09-CV-0580-B** |
| | § | |
| **PARKLAND HOSPITAL, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on

November 17, 2009, this case has been re-referred to the United States Magistrate Judge for

screening.  The findings, conclusions and recommendation of the Magistrate Judge are as

follows:

FINDINGS AND CONCLUSIONS:

Plaintiff David Bryan Wicks ("Wicks"), an inmate confined at SCI Graterford in

Graterford, Pennsylvania, filed a complaint in the above numbered cause on March 27, 2009.

After granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and

following receipt of Plaintiff's answers to the questionnaire, the undersigned magistrate judge

recommended that Wick's claims against Parkland Hospital be dismissed with prejudice as

frivolous, and that his claims against the Veterans Administration (VA) be dismissed for want of

jurisdiction unless Plaintiff filed an amended complaint naming the United States as the

defendant and providing additional information with respect to his tort claim based upon his

alleged treatment at VA hospitals.  Wicks did not file an objection to the recommendation and on

October 15, 2009, the District Court accepted the recommendation and entered judgment which in pertinent part dismissed Plaintiff's claim against the VA for want of jurisdiction unless within twenty days he filed an amended complaint naming the United States as a defendant and specifically identifying the date and the contents of his administrative claim, the amount sought, and the date on which his administrative claim was denied.

On October 26, 2009, Wicks filed an amended complaint.  Although he named the United States as a defendant, he failed to include the date and contents of his administrative claim against the VA, the amount sought, and the date on which the administrative claim was denied, all of which are critical elements for bringing a case under the Federal Tort Claims Act (FTCA) as explained in the magistrate judge's recommendation.  Because the amended complaint did not comply with the terms of the District Court's judgment filed on October 15, 2009, Wick's claims against the VA/United States of America are subject to dismissal for want of jurisdiction as of November 16, 2009.[1]

---

[1]     The twentieth day after the court's judgment was entered fell on the weekend.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's amended complaint (Doc.

#12) be STRICKEN and that an amended judgment be FILED in the case, dismissing Plaintiff's

claims against Parkland Hospital with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and

1915(e)(2), and Plaintiff's claims against the VA/United States of America  for want of

jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).[2]

Signed this 23rd  day of November, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

---

[2]        Aside from the fact that the amended complaint failed to allege the pre-requisites
for exhaustion of administrative remedies under the FTCA, it alleges an entirely different claim,
to wit: that the VA filed a lien or otherwise in some fashion obtained a portion of the proceeds of
a settlement which Wicks obtained from DART as a result of the accident which occurred on
March 23, 2007.  Since such claim is entirely distinct from an action brought pursuant to the
FTCA, the magistrate judge expresses no opinion with respect to the allegations in the amended
complaint, except to note that Wicks will need to file a new action, subject to the provisions of
the Prisoner Litigation Reform Act, *see* 28 U.S.C. § 1915, if he wishes to pursue a claim against
the VA for its action in obtaining settlement proceeds.

error.